UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**RAYMOND DOUGLAS HENNAGIR,**

    Plaintiff,

v.

**WAUKESHA HOSPITALITY, LLC, d/b/a
THE INGLESIDE HOTEL**

    Defendant.
_____/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, RAYMOND DOUGLASS HENNAGIR, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), by and through the undersigned attorney, hereby sues the Defendant, WAUKESHA HOSPITALITY, LLC d/b/a THE INGLESIDE HOTEL (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Wis. Stat. § 106.52(3), § 106.52(4)(e).

    1.    Plaintiff maintains a residence in Arlington, Texas, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

    2.    Plaintiff is a disabled veteran who had his legs blown up by an I.E.D. blast defending our Country.

    3.    **Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices.** Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of his hands.

4. Plaintiff is unable to tightly grasp, pinch and twist of some fingers.

5. When ambulating beyond the comfort of Plaintiff's own home, Plaintiff must primarily rely on a wheelchair.

6. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that he can embark and disembark from a ramp into his vehicle.

7. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible.

8. Amenities must be sufficiently lowered so that Plaintiff can reach them. Plaintiff has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. Plaintiff is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning his legs. Sinks must be at the proper height so that he can put his legs underneath to wash his hands.

9. Plaintiff requires grab bars both behind and beside a commode so that he can safely transfer, and he has difficulty reaching the flush control if it is on the wrong side.

10. Plaintiff has difficulty getting through doorways if they lack the proper clearance because Plaintiff's wheelchair accommodation cannot be transported through doorways that lack the proper width.

11. For many years, Plaintiff has repeatedly traveled throughout the United States and currently requires living accommodations when visiting family and friends and when visiting cities. Plaintiff is oftentimes unable to meet friends due to their accommodation limitations, so

Plaintiff is beginning to rely on places of public accommodation to meet Plaintiff's disability accommodation needs.

12. Now that Plaintiff is unable to physically fight for our Country, he has decided to become an activist in certain aspects of ADA compliance so that places of public accommodation comply with the law.

13. In particular, Plaintiff is demanding that Defendant comply with the easiest requirement for hotels and motels to meet - that is, for hotels and motels to simply provide disabled persons information as to a hotel or motel's accessibility features and descriptions of those features on a hotel or motel's online reservation system so that Plaintiff can ascertain whether the Defendant's rooms, accommodations, and spaces meet the disability needs of Plaintiff, and to enable Plaintiff to book such ADA accessible rooms through the online reservation system.

14. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and their online reservation systems are in compliance with the ADA.

15. As it pertains to online reservation systems, which are the subject of this complaint, the online reservation systems must provide enough specific information as to the room access, juxtaposition of fixtures, and accessibility of facility so that disabled persons may make informed decisions as to whether the facility meets the purpose of the disabled person.

16. Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The property is called The Ingleside Hotel and is located in Waukesha County, Wisconsin (hereinafter "the Property").

17. Venue is proper in the Eastern District of Wisconsin because it is either where the cause of action accrued, where Defendant resides, or where Defendant has purposely availed itself by establishing a business of public accommodation within the district.

18. Because Defendant's principle place of business is operated out of Waukesha County, Wisconsin, it is subject to the jurisdiction of this forum.

19. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

20. As the owner of the subject place of lodging, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department of Justice. Said regulations are set forth in the Code of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

21. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirements:

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

22. The regulations of 28 C.F.R. § 36.302(e)(1) became effective March 15, 2012.

23. Additionally, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under Wis. Stat. § 106.52(3), § 106.52(4)(e).

24. Further, pursuant to U.S.C.S. Fed. R. Civ. Pro. Rule 4(k)(2), federal long-arm jurisdiction exists as (1) the exercise of jurisdiction is consistent with the Constitution and the laws of the United States, (2) the claim arises under federal law, and (3) Defendant is not subject to the jurisdiction of any state. Regent Grand Mgmt., Ltd. v. Tr. Hosp. LLC, No. 18-21445-Civ, 2019 U.S. Dist. LEXIS 4829 (S.D. Fla. Jan. 9, 2019); See also Fraser v. Smith, 594 F.3d 842, 850 (11th Cir. 2010).

25. Based on the foregoing, and in the alternative, should this Court find that there is no specific or general jurisdiction, Defendant subjected itself to federal long-arm jurisdiction of the United States under Rule 4(k)(2).

26. Defendant, either itself or by and through a third party, implements, operates, controls, and or maintains a website for the Property which contains an online reservations system. This website is located at www.theinglesidehotel.com.

27. The purpose of this website is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, amenities, and accommodations of the Property. As such, this website, including its online reservation system, is subject to the requirements of 28 C.F.R. Section 36.302(e).

28. Prior to commencement of this lawsuit, Plaintiff visited the Property's website, including its online reservation system, for the purpose of reviewing an assessing the accessible features at the Property in order to ascertain whether it meets Plaintiff's individual disability needs by seeking descriptions of the disability accommodations.

29. Plaintiff was unable to verify whether the Property contains adequate disability accommodations for them because the website (and its online reservation system) contained insufficient or no information with respect to the following items: (1) handicap accessible parking near the entrance; (2) sufficient parking space width to allow a ramp; (3) ramp access at all entrances and exits; (4) unobstructed pathways from the parking lot to the entrance; (5) unobstructed pathways from the entrance to the elevators; (6) unobstructed pathways from any of the key points of interest within the hotel (elevator bank, coffee shop, restaurant, bar, gift shop, or other points of interest) to other key points of interest; (7) sufficient door width to accommodate a wheelchair or walker in a guestroom; (8) grab bars adjacent to and behind the toilet; (9) grab bars in the shower; (10) a roll-in shower; (11) a roll-under sink; and (12) lowered guestroom amenities, which are among other helpful descriptions offered or not offered within the property.

30. Plaintiff's inability to verify this information is due to Defendant's failure to comply with the requirements imposed by 28 C.F.R. § 36.302(e).

31. Defendant's non-compliance deprived Plaintiff of the equal opportunity to obtain necessary information regarding goods, services, features, facilities, and accommodations generally available to nondisabled persons when booking public accommodations at this Property.

32. The violations present on Defendant's website infringe on Plaintiff's right to equal treatment in the selection of a hotel and its accommodations that will suit Plaintiff's specific needs. Currently, the website deprives Plaintiff of the ability to make meaningful choices for travel and discriminates against Plaintiff and others similarly situated by only providing the information necessary for able-bodied persons to make informed booking decisions.

33. Neither the website nor the online reservation system identifies and describe the accessible features of the Property in enough detail to reasonably permit individuals with disabilities, including Plaintiff, to assess independently whether this Property meets any specific disability requirements.

34. Simply using the word "accessible" is insufficient to comply with § 28 C.F.R. 36.302(e), as it does not identify or describe the Property's disability features, nor does it allow for independent assessment of the property to meet any specific disability needs prior to booking.

35. Prior to commencement of this action, Plaintiff sent Defendant a letter notifying Defendant of non-compliance, seeking to remedy the situation, and otherwise offering to assist Defendant in coming into compliance with the aforementioned laws.

36. At the time of filing of this lawsuit, Defendant failed to address the letter or otherwise effectively communicate with Plaintiff to resolve the issues of this case.

37. Plaintiff intends to revisit Defendant's or Defendant's third-party agent's website and/or online reservation system in order to test it for compliance with 28 C.F.R. § 36.302(e), within six (6) months of filing this Complaint, and/or otherwise determine if the site provides enough information for Plaintiff to determine whether the site comes into compliance with the guidelines of the aforementioned law.

## COUNT I - VIOLATION OF TITLE III
## OF THE AMERICANS WITH DISABILITIES ACT
## (42 U.S.C. § 12101 et seq.)

38. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

39. Title III of the Americans with Disabilities Act prohibits discrimination on the basis of disability by owners, operators, lessees, and lessors of places of public accommodation. 42 U.S.C. § 12182(a).

40. Plaintiff has suffered and continues to suffer frustration and humiliation as a result of the discriminatory conditions present at Defendant's website. Plaintiff's sense of isolation, segregation, and discrimination prevents Plaintiff from full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the general public.

41. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the aforementioned discrimination until Defendant is compelled to modify its website to comply with the requirements of the ADA and continually monitor and ensure the website remains in compliance.

42. Plaintiff has an existing, credible, realistic, and continuing threat of discrimination from Defendant's non-compliance with the ADA in regard to the Property's website and online

reservation system. Plaintiff has reasonable grounds to believe that they will continue to be subject to this discrimination by Defendant so long as the website and online reservation system remain unchanged.

43. Without immediate injunctive relief, Plaintiff and all others similarly situated will continue to suffer this form of discrimination at the hands of Defendant.

44. Plaintiff is without an adequate remedy at law.

45. Plaintiff continues to suffer irreparable harm due to Defendant's non-compliance with the law and failure to allow Plaintiff to make informed decisions when deciding whether to lodge at Defendant's property.

46. Plaintiff has a substantial likelihood of success on the merits because Defendant's website as it stands both subjectively and objectively fails to comply with 28 C.F.R. § 36.302(e).

47. Granting injunctive relief would not contravene the public interest as persons with disabilities and their protection under Federal Law is in the interest of the public, and the issue can be remedied at the expense of a reasonable calculated effort by Defendant.

48. Pursuant to 42 U.S.C. § 12188, this Court has the authority to grant Plaintiff injunctive relief, including an order requiring Defendant to alter the subject website to make it readily accessible, useable, and informative for Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. § 36.302(e); or by shutting down the website until such time as Defendant cures its violations of the ADA.

49. In Haynes v. Hooters of Am., LLC, the court held that where a party seeks injunctive relief to maintain a website in compliance with the ADA, amending the website to fix ADA violations does not moot the injunction to the extent it seeks to require a party to maintain its website in compliance with the ADA. 893 F.3d 781, 784 (11th Cir. 2018). As such, there

- 9 -
Case 2:19-cv-00669-NJ   Filed 05/07/19   Page 9 of 13   Document 1

remains a live controversy regarding whether Plaintiff can obtain an injunction requiring Defendant to make its website ADA compliant or maintain its compliance. Id.; See also Campbell-Ewald Co. v. Gomez, 136 U.S. 663, 669 (2016) (explaining that mootness occurs "only when it is impossible for a court to grant any effectual relief whatsoever to the prevailing party. . . [a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot").

50.     Based upon the holding in Haynes v. Hooters of Am., LLC, Plaintiff is entitled to continuing relief, as ordered and monitored by this Court, because websites are subject to change at any moment.

51.     The remedy requested, fixing the Property's website so that it is compliant with the ADA, is easily and inexpensively achievable.

52.     Prior to the filing of this Complaint, Plaintiff—by and through its counsel—contacted Defendant and alerted them of their non-compliance with Federal Law. As of this date, Defendant's website remains non-compliant.

53.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

(1) issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

(2) grant injunctive relief against the Defendant including an order to revise its website and/or online reservation system to comply with 28 C.F.R. Section 36.302(e) and

to implement a policy to monitor and maintain the website and/or online reservation system to ensure that it remains in compliance with said requirements;

(3) grant an award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. §12205, and C.F.R. § 36.505; and

(4) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II

## VIOLATION OF WIS. STAT § 106.52(3)

54. Plaintiff incorporates by reference the foregoing allegations as though fully set forth herein.

55. Wisconsin Statute § 106.52(3) guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodation, advantages, facilities, privileges, or services in all public places of accommodation or amusement within the jurisdiction of the state of Wisconsin. Wis. Stat. § 106.52(3)(a)(1).

56. Defendant's website has run afoul of the ADA standards set forth as a public accommodation.

57. Defendant's discriminatory conduct alleged herein includes, *inter alia*, the violation of the rights of persons with disabilities set forth in Title III of the ADA and also violates Wis. Stat. § 106.52(3).

59. The actions of Defendant were and are in violation of Wis. Stat. § 106.52(3). Plaintiff and others similarly situated, are aware of Defendant's unlawful actions, and their knowledge of this discrimination has deterred Plaintiffs and others like him, from attempting to access and use Defendant's website for the services it was supposedly provided for on multiple

occasions. Therefore, Plaintiff is entitled to injunctive relief remedying the discrimination pursuant to Wis. Stat. § 106.52(4)(e). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

60. Plaintiff is also entitled to statutory minimum damages, including punitive damages and, in the case of Plaintiff prevailing, for court costs and reasonable attorney fees pursuant to Wis. Stat. § 106.52(4)(e)(1).

**WHEREFORE,** Plaintiff respectfully requests that this Court:

(1) issue a Declaratory Judgment that determines that Defendant, at the commencement of this subject lawsuit, is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302(e)(1)(ii) and Wis. Stat. § 106.52(3);

(2) grant injunctive relief against the Defendant including an order to revise its website and/or online reservation system to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the website and/or online reservation system to ensure that it remains in compliance with said requirements;

(3) issue Plaintiff Hennagir damages in an amount to be determined by proof, including all applicable statutory damages pursuant to Wis. Stat. § 106.52(4)(e)(1);

(4) award attorney's fees, costs, and litigation expenses as authorized by 42 U.S.C. §12205, C.F.R. § 36.505, and Wis. Stat. § 106.52(4)(e)(1); and

(5) any other such relief as this Court deems just and proper, and/or allowable under the relevant Wisconsin Statutes.

Date: May 7, 2019.

Respectfully submitted,

J D HAAS AND ASSOCIATES, PLLC

**/s/ J D Haas**
**J D HAAS, ESQ.**
WI Bar No. 1031196
9801 Dupont Avenue S., Suite 430
Bloomington, MN 55431
Tel: (952) 345-1025
Email: jdhaas@jdhaas.com
*Attorney for Plaintiff Raymond Hennagir*


*/s/* **Jean C. Polo, Jr.**
**JEAN C. POLO, Jr., ESQ.**
FL Bar No.116241
Legal Justice Advocates, LLP
1629 K Street NW, Suite 300
Washington D.C. 20006
Tel:     (202) 803-4708
Email: JP@legaljusticeadvocates.com
*Attorney for Plaintiff to be admitted pro hac vice*


*/s/* **Emerson E. Pimentel, Jr.**
**EMERSON E. PIMENTEL, ESQ.**
FL Bar No.118852
Legal Justice Advocates, LLP
1629 K Street NW, Suite 300
Washington D.C. 20006
Tel: (202) 858-0069
Email: EP@legaljusticeadvocates.com
*Attorney for Plaintiff to be admitted pro hac vice*